101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andrew L. FABENS, III, Administrator of the Estate of Karen
A. Porcelli, Plaintiff-Appellant,
v.
USAIR, INC., Defendant-Appellee.
 No. 95-3291.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1996.
 
 Before: MARTIN, Chief Judge; BROWN and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment entered in a civil suit for wrongful death and survival under the diversity jurisdiction of this court, 28 U.S.C. § 1332. Although judgment in the amount of $250,000 was entered on behalf of the plaintiff, Andrew L. Fabens, III, Administrator of the Estate of Karen A. Porcelli, against the defendant, USAir, Inc., nevertheless, Fabens appeals the judgment on a jury verdict for USAir on the survival claims and the denial of a motion for a new trial. The issues presented are as follows: (1) whether USAir was entitled to judgment as a matter of law on claims for loss of prospective inheritance; (2) whether the district court should have granted the motion for a new trial; and (3) whether the district court erred by restricting the cross-examination of an expert witness for USAir. The issues concerning the interpretation of Ohio law on the loss of the prospective inheritance were certified to the Ohio Supreme Court, but it declined to answer the questions, so the issues are now before us to resolve. For reasons stated herein, we affirm the judgment of the district court.
 
 I. FACTS
 
 2
 In 1992, Karen Porcelli and her husband were killed in a plane crash at LaGuardia Airport in New York. Porcelli was only thirty-five years old at the time of her death and had no surviving children. Fabens, as administrator of Porcelli's estate, brought the action on behalf of the surviving mother and two siblings.
 
 
 3
 The issues for trial were bifurcated. In a consolidated trial on liability, the district court entered judgment as a matter of law for Fabens and other plaintiffs. The issue of punitive damages was submitted to the jury, which found in favor of USAir. At a subsequent trial on compensatory damages only, at the conclusion of the evidence for the plaintiff, the district court granted USAir's motion for judgment as a matter of law on claims based on loss of prospective inheritance for Porcelli's mother and siblings.
 
 
 4
 A question was raised before trial about whether Porcelli was trapped in the wreckage of the plane crash. The parties agreed that there was insufficient evidence on that issue, so the court ordered that no evidence be presented on that issue. During trial, the district court refused to allow Fabens to cross-examine USAir's expert witness, Dr. Thomas Bennett, about it. The jury awarded $250,000 for the wrongful death claims and nothing for the survival claims. A motion by Fabens for a new trial on the survival claims was denied.
 
 II. DISCUSSION
 A. PROSPECTIVE INHERITANCE
 
 5
 Because Porcelli was not survived by a spouse or children, her mother is her only heir at law. Ohio Rev.Code Ann. § 2105.06(E). One type of compensatory damages which an heir can recover is the "loss of prospective inheritance." Ohio Rev.Code Ann. § 2125.02(B)(4).
 
 
 6
 At the time of Porcelli's death, her mother was sixty-three years old. Dr. Rosen testified that, on an actuarial basis, the mother would have died before Porcelli, because of the age differential and because Porcelli was in good health. Where there is no reasonable expectation of inheriting from a child's estate, no recovery for pecuniary loss is allowed. See Wasilko v. United States, 300 F.Supp. 573, 601 (N.D.Ohio 1967), aff'd, 412 F.2d 859 (6th Cir.1969) (per curiam); Murray v. Long, 256 N.E.2d 225, 231 (Ohio Ct.App.1968). Fabens argues that a 1981 amendment to the Wrongful Death Act has changed the law so that the mother could recover for a prospective inheritance, but we fail to find that the amendment has made any substantive change in the recovery for prospective inheritance.
 
 
 7
 Fabens also claims that the application of the statute for loss of prospective inheritance is in violation of the Equal Protection Clause of the Ohio and United States Constitutions. The parties agree that the Equal Protection provision of the Ohio Constitution has the same scope and meaning as the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. See Sorrell v. Thevenir, 633 N.E.2d 504 (Ohio 1994). In reviewing an Equal Protection claim, we must first examine whether a rational basis exists for the challenged action, unless a suspect class or fundamental right is at issue. San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1 (1973). Fabens did not allege that the mother or siblings of Porcelli are members of a suspect class or that they had been denied a fundamental right. Neither their age nor parental status requires heightened scrutiny. See Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 316 (1976). Fabens contends that the challenged Ohio law, as interpreted, is irrational, because it creates an inference that parents cannot recover for the loss of prospective inheritance. However, this law provides a rational method for the beneficiaries in wrongful death actions to recover compensatory damages. A parent can still recover when there is not much of an age differential between parent and child, or when the decedent's health might be worse than the parent's health. Under these circumstances, the scheme for recovery does not violate the Equal Protection Clause of either constitution.
 
 B. DENIAL OF MOTION FOR A NEW TRIAL
 
 8
 Fabens asserts that the district court should have granted a new trial because the verdict of zero damages for the survival action was against the weight of the evidence and was inadequate as a matter of law. Rulings on a motion for a new trial attacking the verdict as against the weight of the evidence are reviewed for an abuse of discretion. Engebretsen v. Fairchild Aircraft Corp., 21 F.3d 721, 726 (6th Cir.1994). If the verdict is one which could reasonably have been reached, then the trial court should deny the motion for a new trial. See United States v. L.E. Cooke Co., 991 F.2d 336, 343 (6th Cir.1993).
 
 
 9
 In recovering under a survivorship claim, "there must be some evidence of conscious pain and suffering by [the decedent] between the injury inflicted and his resulting death." Monnin v. Fifth Third Bank of Miami, 658 N.E.2d 1140, 1149 (Ohio Ct.App.1995) (citation omitted). According to an expert witness called by USAir, Porcelli was likely conscious for several seconds during the plane crash. Survivors of the crash testified that the passengers aboard the plane screamed and heard "ungodly noises," but no witness testified to the reaction of Porcelli. Evidence indicated that Porcelli was not burned and had no soot in her respiratory system. All indications were that she was not exposed to fire or smoke. Given the equivocal nature of the evidence of pain, suffering or anguish by Porcelli between the time of the crash and her death, the verdict is one which could reasonably have been reached, so the district court did not err by denying the motion for a new trial.
 
 C. CROSS-EXAMINATION OF EXPERT WITNESS
 
 10
 Fabens asserts that the district court improperly restricted the cross-examination of the pathology expert testifying on behalf of USAir. Under the pretrial agreement by the parties, the district court ordered that no evidence on the issue of whether Porcelli was trapped in the wreckage would be presented. The expert, Bennett, concluded that Porcelli must have been unconscious at the time of her death because she did not walk away as did Mr. Simon, who sat next to her. When counsel for Fabens attempted to cross-examine Bennett regarding the possibility that Porcelli was conscious but trapped in the wreckage, he was stopped by the court. Bennett did not know whether Porcelli was trapped; therefore, the court ruled that testimony as to whether Porcelli was trapped would have been speculative. Bennett's only conclusion was that Porcelli drowned because she was knocked unconscious when the plane crashed. The district court did not err in restricting the cross-examination, because Bennett did not know the answer. Fabens has failed to demonstrate, by proffered testimony, that Bennett concluded that Porcelli had been trapped. This was not an abuse of the court's discretion. See Miller v. American President Lines, Ltd., 989 F.2d 1450, 1465 (6th Cir.), cert. denied, 114 S.Ct. 304 (1993).
 
 
 11
 AFFIRMED.